### GREENLEE *v.* COBB, deputy clerk.

The 19th section of the act establishing the municipal court of Atlanta (Acts 1913, p. 145), empowering the judges of that court to promulgate rules of procedure and practice designed to facilitate the business of that court, does not authorize the promulgation of a rule that the pauper affidavit, permitted by section 44 of the act as a substitute for the payment of advance costs, shall not be accepted unless subscribed before the clerk or a deputy clerk of that court.

NOVEMBER 15, 1916.

Petition for mandamus. Before Judge Pendleton. Fulton superior court. February 11, 1916.

*W. T. Moyers,* for plaintiff.

*Daley, Chambers & Daley,* for defendant.

EVANS, P. J. By section 44 of the act creating the municipal court of Atlanta (Acts 1913, pp. 145, 170) it is provided "that each party filing a suit or proceeding of any character in said municipal court shall deposit with the clerk of said court, at the time of filing or commencing such proceeding, the sum of $2.00 as cost of suit; provided, however, that such deposit shall not be required of any person who shall subscribe an affidavit to the effect that from poverty he is unable to pay the same." In the 19th section of the act it is provided that the judges of the municipal court shall prepare and promulgate such·rules of procedure and practice, not inconsistent with the laws of this State, as may be necessary to carry on and facilitate the business of the court. The judges of that court promulgated a rule directing the clerk and deputy clerks not to file any suit or cause of action wherein a pauper's affidavit is made in lieu of the cash deposit, unless the affidavit is made before the clerk or one of his deputies.

The plaintiff, through his attorney at law, presented to the deputy clerk of the municipal court of Atlanta a suit for filing in that court, with an affidavit to the effect that from poverty he was unable to pay the deposit costs required by the statute. The deputy clerk refused to file such suit, on the ground that such affidavit was not made before the clerk or a deputy clerk of the municipal court. The plaintiff caused a mandamus nisi to be issued against the deputy clerk, requiring him to show cause why he should not file the suit. On the foregoing facts the court discharged the rule and refused a mandamus absolute.

In many instances parties are permitted to institute or continue litigation upon making pauper affidavit in lieu of the requirement to pay costs. So far as we are advised, there has been no requirement that the affidavit shall be made before an official of the court wherein the proceeding is pending. There are substantial reasons why such a demand should not be exacted. A party residing a considerable distance away from the city of Atlanta, who is unable from poverty to advance as much as two dollars, would find it impossible, on account of his inability to raise this small sum of money, to bring a suit in the municipal court. Likewise the doors of the municipal court would be closed against suits by an invalid resident of the city, whose invalidism prevented a personal appearance at the court-house, and who from poverty was unable to pay the advance costs required to be deposited. The rule promulgated by the judges of the municipal court, requiring the party's personal appearance to make affidavit before the clerk or a deputy clerk of that court, is not authorized by the 19th section of the act permitting the judges of the municipal court of Atlanta to make certain rules of procedure and practice of that court, not inconsistent with the laws of the State. The mandamus should have been made absolute.

*Judgment reversed. All the Justices concur.*